**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHANIE DAWN MCTAGGART, | No. 11-35215 |
| Plaintiff - Appellant, | D.C. No. 6:09-cv-06184-HO |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted May 9, 2012[**]
Portland, Oregon

Before: TASHIMA, TALLMAN, and IKUTA, Circuit Judges.

Petitioner Stephanie McTaggart appeals the district court's order affirming

the Commissioner of Social Security's final decision to deny McTaggart Social

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Security Disability Insurance and Supplemental Security Income benefits. We have jurisdiction, 28 U.S.C. § 1291, and we affirm. The facts of the case are known to the parties; we repeat them only as necessary.

McTaggart argues that the Administrative Law Judge (ALJ) erred in discounting the diagnoses and observations made by Dr. James Hylton about McTaggart's psychiatric conditions. Because Dr. Hylton was McTaggart's treating physician and his opinions were uncontroverted by other medical professionals, the ALJ was required to make findings setting forth clear and convincing reasons for rejecting Dr. Hylton's testimony based on substantial evidence in the record. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). The ALJ found that Dr. Hylton's report of McTaggart's psychological conditions was not supported by the record and that Dr. Hylton appeared to be merely parroting the limitations McTaggart reported to him.[1] *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216–17 (9th Cir. 2005) (ALJ need not accept a medical opinion not supported by clinical findings and based solely on subjective complaints). The ALJ's finding is

---

[1]The ALJ also noted that Dr. Hylton was commenting outside his area of medical expertise in making psychiatric diagnoses. McTaggart argues, and the Commissioner agrees, that we consider a physician competent to testify on psychiatric conditions when the conclusions are based on clinical observations. *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). The Commissioner concedes that this was an inappropriate basis for rejecting Dr. Hylton's testimony, and we do not rely on that reasoning in our decision.

supported by substantial evidence in the record.  The ALJ therefore did not err in discrediting Dr. Hylton's testimony to the extent that it addressed McTaggart's psychological conditions or their severity.

McTaggart also argues that the ALJ erred by finding that her own testimony as to the intensity, persistence, and limiting effects of her mental conditions was not credible.  Absent evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."  *Smolen*, 80 F.3d at 1281.  The findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  The ALJ discredited McTaggart's testimony because McTaggart's daily reported activities were inconsistent with McTaggart's claimed limitations, *see Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005), and because her allegations of symptoms were inconsistent with the medical record, *see Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).[2]  The ALJ's findings and reasons are

---

[2]The ALJ also relied, in part, on the fact that McTaggart rarely sought mental health counseling as a ground for her lack of credibility finding.  Although this reliance was erroneous in light of *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (noting that "it is questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation"), that error was harmless in light of the other, legitimate grounds on which the ALJ relied.

supported by substantial evidence in the record. The ALJ therefore properly discredited McTaggart's testimony on the severity and persistence of her mental health impairments.

McTaggart next argues that the ALJ improperly gave little weight to the lay testimony of her mother, Janice Vaughan. An ALJ may discount lay testimony by expressly determining to disregard the testimony and giving reasons germane to the witness for doing so. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ discounted Vaughan's testimony because Vaughan's impressions were not fully consistent with the medical and other evidence of record. *See id.* ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."). Substantial evidence in the record supports the ALJ's finding that Vaughan's testimony was at odds with the medical evidence and other evidence in the record. The ALJ therefore did not err in discounting Vaughan's testimony.

McTaggart finally argues that the Commissioner, through the ALJ, did not satisfy his burden of producing a significant number of jobs that exist in the

national economy that McTaggart could perform.[3] *See* 20 C.F.R. § 404.1560(c)(1). McTaggart argues that the reasoning levels of the jobs relied upon by the ALJ—classified at levels 2 and 3 by the Dictionary of Occupational Titles—were inconsistent with her residual functional capacity limiting her to tasks of no more than three steps. But even if her limitation was inconsistent with a reasoning level of 3, it was consistent with a reasoning level of 2. *See* U.S. Dep't of Labor, Dictionary of Occupational Titles, app. C (4th ed. 1991), *available at* 1991 WL 688702 (defining reasoning level 2). The jobs cited by the ALJ with that reasoning level were sufficient to support the ALJ's finding that McTaggart could perform jobs that existed in significant numbers in the national economy and was, therefore, not disabled.

AFFIRMED.

---

[3]McTaggart also argues that the ALJ inappropriately relied on jobs that were incompatible with her RFC and that the compatible jobs relied on do not exist in sufficient numbers in the regional economy to satisfy the Commissioner's Step Five burden. However, McTaggart did not raise this issue in the district court and the district court did not consider it. We generally will not consider an issue raised for the first time on appeal; because McTaggart has not argued that any of the exceptions to this general rule apply, or indeed provided any excuse for her failure to raise the issue in the district court, we consider the issue waived. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).